UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| PAUL GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-CV-747-SNLJ |
| | ) | |
| RAILCREW EXPRESS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Paul Greene brought this action against defendant Railcrew Express, LLC ("Railcrew"), alleging that Railcrew retaliated against him in violation of the Family and Medical Leave Act of 1993 ("the Act") when it terminated him at the end of his unpaid leave period. Railcrew moved for summary judgment (#34). Greene did not oppose the motion. Thus, the matters in Railcrew's statement of uncontroverted facts (#35-1) are deemed admitted for the purposes of this motion. E. D. Mo. L. R. 7-4.01(E). For the reasons explained below, the motion will be granted.

**I.     Background**

Back in early 2016, Greene was a general manager for Railcrew. Railcrew provides transportation for crews that work for railroads and barges. Each general manager oversees the locations in his or her assigned division. In early 2016, Greene's division comprised around twenty-two locations in six states.

Greene's job involved a lot traveling. As a general manager, he was required to do the following in his assigned locations: (1) attend safety meetings, (2) visit all railroad

1

management on a regular basis, and (3) attend quarterly service unit reviews. Given all this traveling, one of the physical requirements of Greene's job was the ability to sit for extended periods of time, usually driving. Greene hoped to visit each of his locations at least once a month. He was on the road weekly until November 2015, when he began having shoulder pain. From November 2015 to February 2016, Greene spent about half his time on the road.

In early February 2016, Greene had shoulder surgery. He took the full twelve weeks' unpaid leave provided by the Act. Then, his doctor released him to return to work with three restrictions. Greene was not to engage in (1) overhead lifting more than five pounds, (2) below the shoulder lifting more than fifteen pounds, or (3) long distance driving. Greene told Railcrew's Human Resources Department about his restrictions.

These restrictions prevented Greene from performing his job duties. So Railcrew's Vice President of Human Resources terminated Greene. The Vice President noted six reasons why Railcrew could not accommodate Greene's restrictions: (1) Greene's division requires distance travel to manage the locations, (2) there was no set return-to-work date, (3) Railcrew was understaffed in the area, (4) Railcrew was stretched thin for management capacity, (5) Greene's position required the ability to lift more than his restriction, and (6) extended periods and distances of driving were required to cover trips for driver shortages.

Greene then filed this action against Railway, alleging violations under the Act and the Americans with Disabilities Act ("the ADA"). He voluntarily dismissed his count under the ADA (#21). As of June 2017, Greene's pain prevented him from

2

working in any position. He receives long-term disability benefits because he is unable to perform the main duties of his occupation.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56, a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law." *Poller v. Columbia Broadcasting Sys., Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

## III. Discussion

The Act provides eligible employees with up to twelve weeks' unpaid leave during a twelve-month period if "a serious health condition [] makes the employee unable to perform the functions" of the employee's position. 29 U.S.C. § 2612(a)(1)(D). Usually, an employee must be restored to the employee's pre-leave position (or an equivalent one) at the end of the leave period. *Id.* § 2614(a)(1). But "an employee is not entitled to restoration if, at the end of the [] leave period, the employee is still unable to perform an essential function of the job." *Hatchett v. Philander Smith College*, 251 F.3d 670, 677 (8th Cir. 2001); *see also Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 864 (8th Cir. 2006); *Bloom v. Metro Heart Grp. of St. Louis, Inc.*, 440 F.3d 1025, 1031 (8th Cir. 2006).

The Act "does not require an employer to allow an employee to stay in a position that the employee cannot perform. This type of claim is addressed under the ADA." *Hatchett*, 251 F.3d at 677.

To establish a prima facie case of retaliation under the Act, Greene must show that (1) he engaged in activity protected under the Act, (2) he suffered an adverse employment action, and (3) a causal connection existed between his action and the adverse employment action. *See Smith v. Allen Health Sys., Inc.*, 302 F.3d 827, 832 (8th Cir. 2002).

Greene cannot establish the second and third elements.

Greene's termination was not an adverse employment action. Greene was entitled to restoration under the Act only if he was able to perform the essential functions of his job. As a general manager, driving long distances was an essential function of Greene's job. In fact, the ability to sit for extended periods of time—usually driving—is a physical

4

requirement of the general manager position. And Greene admitted that it was important for him to visit the locations in his division; thus, he tried to visit each location at least once a month. But Greene was released to return to work with the restriction of no long distance driving. So he could not perform an essential function of his job, and Railcrew was not obligated under the Act to accommodate Greene's restriction. *Battle*, 438 F.3d at 864–65. Thus, Greene was not entitled to restoration, and his termination was not an adverse employment action. *See Davidson v. Tyco/Healthcare*, 416 F. Supp. 2d 690, 709 (E.D. Mo. 2005), *aff'd sub nom. Davidson v. Tyco/Healthcare Mallinckrodt, Inc.*, 205 F. App'x 469 (8th Cir. 2006).

There was no causal connection between Greene's taking leave and his termination, which the third element requires. Railcrew's Vice President of Human Resources terminated Greene because Greene could not perform his job duties at the end of his leave period. The Vice President did not terminate Greene *because* he took leave. Thus, there is no causal connection between Greene's protected activity and his termination, and he fails to establish the third element.

Greene's lone allegation that he "was terminated because he took FMLA leave" (#1 at 4, ¶ 25) does not create a genuine issue of material fact. Greene has failed to establish a prima facie case of retaliation under the Act, and summary judgment will be granted to Railcrew.

IV. **Conclusion**

Railcrew's motion will be granted.

Accordingly,

5

**IT IS HEREBY ORDERED** that defendant Railcrew's motion for summary judgment (#34) is **GRANTED**.

Dated this   29th   day of September, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE